UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FABIAN DION BYRD, JR.** | CIVIL ACTION |
| VERSUS | NO. 20-2458 |
| **TERREBONNE PARISH SHERIFF'S DEPARTMENT** | SECTION: "A"(3) |

### REPORT AND RECOMMENDATION

Plaintiff, Fabian Dion Byrd, Jr., a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Department. In this lawsuit, he challenged the adequacy of the measures taken at the Terrebonne Parish Criminal Justice Complex in response to the COVID-19 pandemic.

Plaintiff filed this civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing plaintiff's complaint,[2] the undersigned nevertheless recommends that it be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

On September 25, 2020, the undersigned United States Magistrate Judge notified plaintiff that the sole defendant he named in this lawsuit, the Terrebonne Parish Sheriff's Department, is not a proper defendant. Plaintiff was then ordered to file an amended complaint naming a proper defendant or defendants on or before October 26, 2020. He was warned that if he failed to file an amended complaint as ordered, a report would be issued recommending dismissal of this lawsuit.[3] To date, no amended complaint has been filed.

As noted, plaintiff has sued only one defendant in this lawsuit: the Terrebonne Parish Sheriff's Department. However, that is improper, because "a sheriff's office is not a legal entity capable of being sued …." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); accord Hite v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 16-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016), adopted, 2016 WL 6876660 (E.D. La. Nov. 22, 2016); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009); Fitch v. Terrebonne Parish Sheriff Department, Civ. Action No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006). In light of that fact, and because plaintiff has elected not to file an amended complaint to name a proper defendant despite being afforded the opportunity to do so, this case should now be dismissed.

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 5.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___9th___ day of __November__, 2020.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**